IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY BANNISTER,

      Plaintiff,

vs.                                                                                        No. CIV 07-620 JB/CEG

CORONADO FINANCE, INC.,
MONIKA BANNISTER, and
PATRICIA BRADLEY, All
individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Patricia Bradley's Motion to Dismiss or Alternatively for a More Definite Statement, filed July 16, 2007 (Doc. 5). The Court held a hearing on the motion on December 18, 2007. The primary issues are: (i) whether the Court should dismiss Plaintiff Jeffrey Bannister's Complaint on the basis of the Rooker/Feldman doctrine; and (ii) whether the Court should require Bannister to file more definite statements of his claims. The Court will deny Bradley's motion to dismiss Bannister's claim on the basis of the Rooker/Feldman doctrine because Bannister was not a party to the state court action. Because Bradley has not identified anything specific that she cannot discern from Bannister's Complaint, and because Bannister is proceeding pro se, the Court does not believe that ordering Bannister to file a more definite statement of his claims would be helpful to Bradley. The Court will deny Patricia Bradley's Motion to Dismiss or Alternatively for a More Definite Statement.

## FACTUAL BACKGROUND

Defendant Coronado Finance, Inc. is a New Mexico corporation with its principal place of

business in Doña Ana County, New Mexico. See Memorandum in Support of Motion to Dismiss or Alternatively for a More Definite Statement, filed July 16, 2007 (Doc. 6)("Bradley Memo."), Exhibit A, Complaint to Recover on Promissory Note in Coronado Finance v. Monika Bannister, No. CV-2006-1347 in Third Judicial District Court (filed August 21, 2006) ¶ 1, at 1 ("Third Judicial District Complaint"). Defendant Monika Bannister is an individual whose last known principal place of residence is Doña Ana County. See Complaint for Damages and Injunctive Relief ¶ 5, at 2, filed June 28, 2007 (Doc. 1)("Complaint"); Summons in a Civil Action for Monika Bannister at 2205 Garrison Road, Las Cruces, New Mexico 88007 (dated July 16, 2007), filed July 16, 2007 (Doc. 9)(indicating that "Defendant Bannister has left the Las Cruces area and cannot be found at this time.").

On or about February 16, 2006, Monika Bannister executed and delivered a promissory note payable to Coronado Finance in the original principal amount of $6,050.07, plus interest at the rate of 26.60 per cent per annum. See Third Judicial District Complaint ¶ 3, at 1. By the spring of 2006, Monika Bannister was in default of payment on the loan. See id. ¶ 4, at 1.

On August 21, 2006, Coronado Finance filed a verified Complaint to Recover on Promissory Note in the Third Judicial District Court, County of Doña Ana, State of New Mexico against Monika Bannister. See Third Judicial District Complaint at 1. Defendant Patricia A. Bradley of Miller Stratvert, P.A. in Las Cruces filed the action on behalf of Coronado Finance. See id. at 2. The complaint was verified by Maria Anketell, the custodian and manager of the loan for Coronado Finance. See id. at 3. The case was assigned to the Honorable Jerald A. Valentine, District Court Judge, Third Judicial District of New Mexico. See Bradley Memo., Exhibit B, Default Judgment in Coronado Finance v. Monika Bannister, No. CV-2006-1347 in Third Judicial District Court (filed October 31, 2006) at 2 ("Default Judgment").

The Complaint in <u>Coronado Finance, Inc. v. Monika Bannister</u> alleged that the balance remaining due and unpaid was $6,689.35 with interest thereon from April 25, 2006 at the rate of 26.60 per cent per annum until paid. <u>See</u> Third Judicial District Complaint ¶ 4, at 1. Coronado Finance further alleged that, pursuant to the terms of the promissory note, it was entitled to reasonable attorney's fees and costs. <u>See id.</u> ¶ 5, at 1-2. For relief, Coronado Finance sought a judgment in the amount of $6,689.35 plus interest thereon at the rate of 26.60 per cent per year from and after April 25, 2006 until paid, plus reasonable attorney's fees and the costs of its state court action. <u>See id.</u> at 2.

Monika Bannister failed to enter an appearance or file an answer with the state court. Coronado Finance filed an Application for Judgment by Default against Monika Bannister. <u>See</u> Default Judgment ¶ 2, at 1. A Certificate as to the State of the Record was also filed with the Application. <u>See id.</u>

Judge Valentine reviewed the pleadings and found that he had jurisdiction over the parties and subject matter. <u>See id.</u> ¶ 1, at 1. He found that Coronado Finance's Application for Judgment by Default was well taken and should be granted. <u>See id.</u> ¶ 3, at 1. On October 31, 2007, Judge Valentine ordered that Coronado Finance should take default judgment over and against Monika Bannister as follows: (i) on the note, which was the subject of the complaint, in the sum of $6,666.02 as of October 16, 2006, upon which amount interest continues to accrue from October 17, 2006, at the per annum rate of 26.60% per annum ($4.46 per diem); (ii) attorneys fees in the amount of $1,128.45; (iii) costs in the amount of $126.98; (iv) pre-judgment interest at the rate of 26.60% per annum ($4.46 per diem) through the date of entry of that judgment; and (v) post-judgment interest on all sums awarded in the default judgment from date of entry of the judgment at the rate of 39.90% ($7.29 per diem). <u>See id.</u> ¶¶ 1-5, at 1-2. Thus, on October 31, 2006, Coronado Finance obtained

a money judgment against Monika Bannister in Coronado Finance v. Monika Bannister, No. CV-2006-1347 in Third Judicial District Court, in the total amount of $7,983.89, together with interest thereon at 39.90% ($7.29 per diem) from November 1, 2006. See Bradley Memo, Exhibit B, Transcript of Judgment (entered November 8, 2006).

On November 13, 2006, Coronado Finance filed a transcript of judgment in the office of the Doña Ana County Clerk, and the transcript was recorded at Book 762, pages 1409-1410. See Bradley Memo., Exhibit C, Transcript of Judgment in Coronado Finance, Inc. v. Monika Bannister, filed November 8, 2006 (Third Judicial District Court in Doña Ana County, State of New Mexico) at 2. The transcript of judgment had the CV-2006-1347's caption on it, Judge Valentine's name, and Ms. Bradley's name, address, telephone number, and law firm, as the attorney for the judgment creditor. See id. at 1. The transcript of judgment listed the judgment creditor as Coronado Finance of Las Cruces, the judgment debtor as Monika Bannister of Las Cruces, and the date of judgment as October 31, 2006. See id. The transcript described the nature of the action as "Complaint to Recover on Promissory Note," and set forth the amount of judgment: (i) damages of $6,666.02; (ii) costs of $126.98; (iii) fees of $1,128.45; (iv) pre-judgment interest of $62.44; (iv) total of $7,983.89; and (v) a rate of pre-judgment interest of 26.60% ($4.46 per diem) and of post-judgment interest of 39.90% ($7.29 per diem). See id. Under the section "How Satisfied and Remarks," the transcript states: "Pre-Judgment Interest: From 10/18/06 to 10/31/06: 14 days at $4.46 per diem = $62.44." Id. A deputy to Nadine Sanchez, the Court Administrator of the Third Judicial District Court, certified the transcript of the judgment. See id. at 2.

Monika Bannister failed to satisfy the judgment lien that Coronado Finance held. After Judge Valentine entered a default judgment against Monika Bannister, Coronado Finance filed a Complaint to Foreclose Judgment Liens against Monika Bannister and Chris Frost. See Bradley

Memo., Exhibit C, Complaint to Foreclose Judgment Lien in Coronado Finance, Inc. v. Monika Bannister, et al., No. CV-2006-2218 (Third Judicial District Court, County of Doña Ana, State of New Mexico), filed December 21, 2006 ("Judgment Lien"). Frost is an individual residing in Las Cruces in Doña Ana County. See id. ¶ 3, at 1. The complaint was verified by Anketell. See id. at 4. Ms. Bradley signed the complaint as counsel. See id. at 3. The case was assigned to the Honorable Robert E. Robles, District Court Judge.

Pursuant to New Mexico Statutes Annotated Section 39-4-13 N.M.S.A. 1978, Coronado Finance sought in Coronado Finance, Inc. v. Monika Bannister et al., No. CV-2006-2218, to foreclose its judgment lien against some of Monika Bannister's property:

> A tract of land situate southeast of Radium Springs, Dona Ana County, New Mexico, in Section 14, T.21S., R.1W., N.M.P.M. of the U.S.G.L.O. Surveys, being part of Lot 25, Fort Selden Subdivision, filed May 20, 1964, in Book 9 page 27 of Plat Records of Dona Ana County, New Mexico; aka 860 Outpost Lane; aka 827 Fort Selden Road; aka Parcel ID#03-00347; aka map code 3-002-123-018-150.

Judgment Lien ¶ 6, at 2. Coronado Finance alleged that, as of December 13, 2006, the unpaid balance of the judgment lien was $8,297.36 with interest thereon at 39.90% per annum from December 7, 2006, at the rate of $7.29 per day. See id. ¶ 7, at 2. Coronado Finance noted that Frost might claim an interest in the subject real property by virtue of a Mortgage and Note Securing Bail Bond dated July 10, 2006, and recorded in the real estate records of Doña Ana County on July 11, 2006, in Book 727, pages 1040-1043. See id. ¶ 8, at 2. Coronado Finance further represented that it was informed and believed that the indebtedness secured by such Mortgage may have been paid and that Frost's interest in the subject real property was therefore inferior to that of Coronado Finance's interest. See id.

Coronado Finance asserted in Coronado Finance, Inc. v. Monika Bannister et al., No. CV-2006-2218, that it was entitled to a Decree of Foreclosure, foreclosing the interest of all defendants

in and to the property subsequent to Coronado Finance's lien and barring those defendants, their successors, heirs, and assigns from any claim or right to the property. See id. ¶ 9, at 2. Coronado Finance asked the Court to appoint a Special Master to conduct a foreclosure sale with the proceeds from the sale of the property being applied, first, to the costs and expenses of foreclosure, including the attorney's fees, and second, to all sums owed to Coronado Finance pursuant to the judgment lien; and the balance, if any, pursuant to further order of the court. See id. ¶ 10, at 2. Coronado Finance also alleged that, in the event of a sale, the redemption period shall be nine months. See id. ¶ 11, at 2. Coronado Finance further requested that, following sale, the Court should issue a Writ of Assistance, if necessary, directing the sheriff to use reasonable force to obtain entry into the property and deliver possession of the property to the purchaser. See id. ¶ 12, at 2-3. In its prayer for relief, Coronado Finance requested a judgment as follows: (i) that Coronado Finance be awarded judgment against Monika Bannister, and any and all other persons claiming an interest in the property adverse to Coronado Finance; (ii) that Coronado Finance's judgment lien be foreclosed and its lien be declared the first and paramount lien on the property; that the remaining defendants and all persons claiming under the defendants be barred and forever foreclosed of all rights, interest, or claims in and to the property; that the redemption period be nine months; that a Special Master be appointed and the property sold according to the law and practice of the court; (iii) that the proceeds from the foreclosure sale be applied as Coronado Finance had requested; (iv) that Coronado Finance might become the purchaser and be permitted to bid in its judgment, or any portion thereof, in lieu of cash at the foreclosure sale; and (v) that the court, if necessary, issue a Writ of Assistance. See id. ¶¶ 1-6, at 3.

Jeffrey Bannister, Monika Bannister's brother and a third party to the state foreclosure action, filed a Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate

Void Judgment. See Bradley Memo., Exhibit D, Order Denying "Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment" filed by Non-Party Jeff Bannister in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico). Bannister argued in state court, in his Motion to Intervene, that he did not personally contract with Coronado Finance, and that, therefore, its judgment lien against his sister in CV-2006-1347 "was obtained by fraud upon the Court and is null and void." Complaint, Exhibit 2, Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment, filed January 12, 2007 in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico). According to the state court's records, Bannister did not show up for the hearing on his multiple motions in state court. See Bradley Memo., Exhibit D, Order Denying "Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment" filed by Non-Party Jeff Bannister in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico) at 1.

In its Order Denying Bannister's Motion to Intervene in Coronado Finance, Inc. v. Monika Bannister et al., No. CV-2006-2218, Judge Robles noted that Jeffrey Bannister did not appear for the hearing on his motion, but that Judge Robles reviewed the motion, reviewed Coronado Finance's response, heard Ms. Bradley's representations, and was sufficiently advised to rule. See id. Judge Robles found that notice of the hearing had been provided to Bannister, that the relief requested by Bannister's motion was to a different judgment in a different case entered by a different judge, and that Bannister's motion was not appropriately before the court. See id. Judge Robles also found that the points raised in Coronado Finance's response were well taken. See id. Judge Robles then denied Bannister's Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate

Voice Judgment.  <u>See</u> <u>id.</u>

Jeffrey Bannister did not appeal the Order denying his Motion to Intervene, Dismiss Complaint, and to Vacate/Avoid Judgment.  Judge Robles entered an Order Approving Special Master's Report of Sale and Confirming Sale.  <u>See</u> Bradley Memo., Exhibit E, Order Approving Special Master's Report of Sale and Confirming Sale in <u>Coronado Finance, Inc. v. Bannister</u>, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico). The Special Master presented his Report of Sale for ratification, confirmation, and approval, and for entry of an Order Approving Special Master's Report of Sale and Confirming Sale.  <u>See</u> <u>id.</u> at 1.

Jeffrey Bannister took no other action in the state court foreclosure proceeding.  The foreclosure action concluded on May 31, 2007, as evidenced by the Order Approving the Special Master's Report and Confirming Sale in <u>Coronado Finance, Inc. v. Bannister</u>, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico).  <u>See</u> <u>id.</u>  No further action has occurred to date.

**PROCEDURAL BACKGROUND**

Jeffrey Bannister filed a three-count Complaint asking for $2.7 million, bringing the following claims: (i) a claim for violation of his equal-protection and due-process rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments of the United States Constitution, under 42 U.S.C. § 1983 (Count I); (ii) a claim for conspiracy under 42 U.S.C. § 1984 to steal his land (Count II), <u>see</u> Complaint at 2; and (iii) a claim for intentional infliction of emotional distress in relation to the equal protection of the law (Count III).  <u>See</u> <u>id.</u> at 7.  Jeffrey Bannister is proceeding pro se.  <u>See</u> <u>id.</u> at 1.  Jeffrey Bannister attaches as exhibits: (i) an affidavit of Monika Bannister, <u>see</u> Complaint, Exhibit 1, Affidavit of Monika Bannister (executed June 17, 2007); (ii) a copy of his Motion to Intervene in the Third Judicial District Court in CV-2006-2218 entitled

"Coronado Financing, Plaintiff, versus Monika Bannister, an individual, and Chris Frost, an individual, Defendants," see Complaint, Exhibit 2; and (iii) a letter from Ms. Bradley to Monika Bannister, dated June 11, 2007, asking Monika Bannister to vacate the property that Coronado Finance purchased at a special master's sale, see Complaint, Exhibit 3. Jeffrey Bannister filed his Complaint after the entry of the Order Approving the Special Master's Sale and after the state court denied Jeffrey Bannister's Motion to Dismiss the Complaint and to intervene in state court. See Complaint at 1.

Jeffrey Bannister asserts that jurisdiction is based upon the Truth In Lending Act, the Unfair and Deceptive Practices Act, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights). See Complaint ¶ 1, at 1-2. Jeffrey Bannister admits in his Complaint that the Bannister Trust owned the property at issue, that Monika Bannister forged a warranty deed with the name of the beneficiary of the trust, and that Monika Bannister conveyed the property to her ownership. See Complaint ¶ 11, at 4. Jeffrey Bannister contends that there was a conspiracy between the Defendants and state court Judge Valentine to deprive Jeffrey Bannister of his federally protected rights. See id. ¶ B, at 5. Jeffrey Bannister alleges that Ms. Bradley "compounded the fraud" with the pleadings she filed. See id. ¶ 14, at 6 ("The Defendant Patricia Bradley compounded the fraud by claiming that 'all the material' allegations of Coronado Finance, Inc.['s] Complaint were proven and true.").

Ms. Bradley moves the Court, pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the pending litigation based on the Rooker/Feldman doctrine. See Motion to Dismiss or Alternatively for a More Definite Statement, filed July 16, 2007 (Doc. 5)("Motion")(citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). In the alternative, Ms. Bradley moves the Court to

require Jeffrey Bannister to make a more definite statement pursuant to Federal Rules of Civil Procedure rules 9(b) and 12(e), because Jeffrey Bannister is making claims with regard to the Truth in Lending Act, the Unfair and Deceptive Practices Act, and a civil rights claim based on fraud and conspiracy. See Motion at 1. Ms. Bradley attaches to her motion: (i) the Complaint in CV-2006-1347 to Recover on Promissory Note Against Co-defendant Monika Bannister; (ii) the Default Judgment obtained in CV-2006-1347 against Monika Bannister; (iii) the Complaint to Foreclose on Judgment Lien against Defendant Monika Bannister in CV-2006-2218; (iv) Order Denying this Plaintiff's Motion to Intervene and Dismiss, entered on March 28, 2007; and (v) Order Approving the Special Master's Report and Confirming Sale in CV 2006-2218. See Bradley Memo., Exhibits A-E.

The Court held a hearing on December 18, 2007. Jeffrey Bannister represented that he did not respond to Ms. Bradley's motion to dismiss because he has had problems with mail theft, and had he been notified, he would have answered it as soon as he possibly could. See Transcript of Hearing (taken December 18, 2007)("Tr.") at 2:17-3:3 (Court & Bannister).[1] Ms. Bradley argued that Jeffrey Bannister has no interest in the land at issue, because "he ha[d] at best an[ ] expectancy under his grandmother's estate because the property was originally his mother's, his mother died, the property went into trust, the beneficiary of that [trust] was the grandmother, and in his pleadings he expresses at best what's called a contingent or possible expectancy of inheritance." Id. at 5:16-22 (White). Ms. Bradley noted that Jeffrey Bannister had procedural due process available to him through the appellate process in state court, and under rules 59 or 60 of the New Mexico Rules of Civil Procedure, that Jeffrey Bannister could have moved to set aside the judgment on the basis of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

fraud, collusion, error, or negligence. See id. at 6:16-21 (White). Ms. Bradley argued that Jeffrey Bannister instead chose to file a lawsuit seeking to undermine the state court decision in federal court. See id. at 6:21-7:1 (White).

Ms. Bradley contended that the issues litigated in state court were identical to those Jeffrey Bannister raised in his federal lawsuit, and therefore were barred by the Rooker-Feldman doctrine. See id. at 9:12-20 (White). Ms. Bradley clarified that she asked for a more definite statement from Jeffrey Bannister to clarify his allegations of civil conspiracy, so that she could raise a qualified immunity defense if he was alleging that she engaged in a conspiracy with a state actor. See id. at 16:10-15 (White).

Jeffrey Bannister represented that his grandmother told him that the land was his. See id. at 11:24-12:1-2 (Bannister). Jeffrey Bannister represented that his sister also told him that the land was his. See id. at 12:4 (Bannister). Jeffrey Bannister noted that his sister has not been at the property for almost ten years. See id. at 12:4-5 (Bannister).

Jeffrey Bannister represented that the land, his car shop, and his home value $300,000.00. See id. at 12:19-22 (Court & Bannister). He conceded that he was "negligent in the fact that [he] should have put the land into [his] name." Id. at 12:6-7 (Bannister). He also conceded that he was negligent in not appearing for the state court dates. See id. at 13:4-7 (Court & Bannister).

Jeffrey Bannister represented that his sister was stealing his mail during that time period because she did not want him to know that she had taken out a loan and that she was telling people she was living at his home. See id. at 13:7-11 (Bannister). He represented that he became aware of his sister stealing his mail because he would get failures to appear on traffic tickets. See id. at 13:19-23 (Bannister). He said he was going to obtain a post office box the week of December 17, 2007 to insure against his sister stealing his mail. See id. at 13:23-14:1 (Bannister).

Jeffrey Bannister acknowledged that he received something from Coronado Finance, because he responded to its notice of completion of briefing, but represented that he had a really bad accident in 2000, and now has a hard time remembering things. See id. at 14:14-19 (Court & Bannister). The Court gave him ten days from December 18, 2007 to file a response to Ms. Bradley's motion. See id. at 22:3-19 (Court & Bannister). Ms. Bradley had no objection to the Court giving Jeffrey Bannister until January 7, 2008 to respond to her motion. See id. at 22:20-21 (Court & White). Jeffrey Bannister did not respond to Ms. Bradley's motion.

## STANDARDS FOR DECIDING A MOTION TO DISMISS

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Because subject-matter jurisdiction concerns a court's judicial power to decide a controversy, the parties may not, either unilaterally or by mutual agreement, waive or concede the subject-matter jurisdiction requirement. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir.2004); Laughlin v. Kmart Corp., 50 F.3d 871, 873-74 (10th Cir.1995). When subject-matter jurisdiction is proven to be lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)(quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869)).

Once the court has satisfied itself that it has jurisdiction over a controversy, it may entertain motions on the case's merits. See Bell v. Hood, 327 U.S. 678, 682 (1946)("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."). In considering a motion to dismiss a complaint for failure to state a claim under rule 12(b)(6), a court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).

-12-

## STANDARDS FOR DECIDING PRO SE PLAINTIFF'S PLEADINGS

The court is required to construe pro se pleadings liberally. Where a plaintiff appears pro se, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." Johnson v. Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006). The United States Court of Appeals for the Tenth Circuit has explained that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001)(citing Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)). While a pro se litigant's pleadings are held to less stringent standards, they must nevertheless comply with the same procedural rules as other litigants. See Barnes v. United States, 173 Fed. Appx. 695, 697 (10th Cir. 2006)(citing Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied 514 U.S. 1048 (1995); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied 507 U.S. 940 (1993)). It is not the district court's function to assume the role of advocate for the pro se litigant. See Bergman v. LaCouture, 218 Fed. Appx. 749, 750 (10th Cir. 2007).

## ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine precludes federal district courts from exercising appellate jurisdiction over claims that state courts decide and over federal claims intertwined with prior state court judgments. See Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1233 (10th Cir. 2006). "An unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of Rooker-Feldman simply by bringing a constitutional claim under the civil rights statutes." Hunt v. Green, 376 F.Supp.2d 1043, 1051 (D.N.M. 2005)(Browning, J.).

The Rooker-Feldman doctrine is inapplicable against nonparties to the state-court judgments

disputed in federal court. See id. at 1234 ("This Court has repeatedly held that the Rooker-Feldman doctrine 'should not be applied against non-parties' to the state-court judgment.'")(quoting Johnson v. Rodrigues (Orozco), 226 F.3d 103, 109 (10th Cir. 2000)). The Rooker-Feldman doctrine is narrow, however. See Mo's Express, LLC v. Sopkin, 441 F.3d at 1234. Where the parties in the federal litigation were not parties in the state litigation, were not bound by the state court's judgment, and are neither predecessors nor successors in interest to the parties involved in the state litigation, the Rooker-Feldman doctrine is inapplicable to those parties. See id. at 1236. Because those parties have no connection to the state judgment, their action in federal court cannot be characterized as "an appeal of the state-court judgment." Id.

"Even against the parties to a state-court judgment, Rooker-Feldman only applies when the injury alleged by the plaintiffs was caused by the state-court judgment." Id. at 1237 (internal quotations omitted). The Supreme Court of the United States explained in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005):

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

Id. at 284.

### **LAW REGARDING MOTIONS FOR A MORE DEFINITE STATEMENT**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

**Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement

and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Moya v. Schollenbarger, 465 F.3d 444, 446 n.2 (10th Cir. 2006)(quoting Fed. R. Civ. P. 12(e)). "The imprecision of notice pleading is ameliorated by the availability of the motion for a more definite statement under Fed.R.Civ.P. 12(e) . . . ." United States v. $39,000 In Canadian Currency, 801 F.2d 1210, 1216 (10th Cir. 1986). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002).

## ANALYSIS

The Court will deny Ms. Bradley's Motion to Dismiss or Alternatively for a More Definite Statement. The Court will deny her motion to dismiss Jeffrey Bannister's claims on the basis of the Rooker/Feldman doctrine, because Jeffrey Bannister was not a party to the state court action. Because Ms. Bradley has not identified anything specific that she cannot discern from his Complaint, and because he is proceeding pro se, the Court does not believe that ordering him to file a more definite statement of his claims would be helpful to her.

### I.   THE ROOKER/FELDMAN DOCTRINE DOES NOT BAR JEFFREY BANNISTER'S CLAIMS AGAINST MS. BRADLEY.

Jeffrey Bannister argues that the Rooker/Feldman doctrine should not bar his claim because he did not have a reasonable opportunity to raise his claims in the previous state court proceeding. See Response ¶ 5, 2-3. Ms. Bradley contends that Jeffrey Bannister previously litigated the issues raised in his federal court complaint in state court. See Bradley Memo. at 2. Ms. Bradley relies

upon his Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment. See Bradley Memo., Exhibit D, Order Denying "Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment" filed by Non-Party Jeff Bannister in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico). Ms. Bradley correctly notes, however, in her motion to dismiss, that the state court judge denied his motion to intervene. See Bradley Memo., Exhibit D, Order Denying "Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment" filed by Non-Party Jeff Bannister in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico).

Jeffrey Bannister was never a party to the state court action, because the state court denied his motion to intervene; although he argued in state court, in his Motion to Intervene, that he did not personally contract with Coronado Finance, and that, therefore, its judgment lien against his sister in CV-2006-1347 "was obtained by fraud upon the Court and is null and void," he never became a party. Complaint, Exhibit 2, Motion to Intervene/to Dismiss Complaint to Foreclose Judgment Lien/and to Vacate Void Judgment, filed January 12, 2007 in Coronado Finance, Inc. v. Bannister, No. CV-2006-2218 (Third Judicial District, Doña Ana County, State of New Mexico). Because Jeffrey Bannister was not a party to the state court action, the Rooker-Feldman doctrine does not bar his federal lawsuit. See Mo's Express, LLC v. Sopkin, 441 F.3d at 1236 (noting that, where the parties in the federal litigation were not parties in the state litigation, were not bound by the state court's judgment, and were neither predecessors nor successors in interest to the parties involved in the state litigation, the Rooker-Feldman doctrine was inapplicable to those parties).

This litigation is not parallel to the judgment in state court. The state court judgment may, however, have preclusive effect. In any case, the Supreme Court has instructed district courts that

-16-

"Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. at 284. In conclusion, the Court will not dismiss Jeffrey Bannister's lawsuit on the basis of the Rooker-Feldman doctrine.

**II.     THE COURT WILL NOT ORDER JEFFREY BANNISTER TO FILE A MORE DEFINITE STATEMENT FOR THOSE CLAIMS IN THE COMPLAINT.**

Jeffrey Bannister is proceeding pro se. See Complaint at 1. He alleges that he has First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment claims based on violation of his constitutional rights. See Complaint ¶ 15(A), at 5. He contends that Ms. Bradley, Coronado Finance, and Judge Valentine conspired to deprive him of those rights. See id. ¶ 15(B), at 5. He specifically contends that Ms. Bradley, Coronado Finance, and Monika Bannister conspired to deprive him of his equal-protection rights. See id. ¶ A, at 6. He also alleges that Ms. Bradley conspired with Coronado Finance to steal his land. See id.

He further contends that the Defendants intentionally inflicted emotional distress on him. See id. at 7. Ms. Bradley clarified at the hearing that she asked for a more definite statement from Jeffrey Bannister to clarify his allegations of civil conspiracy, so that she could raise a qualified immunity defense if he is alleging that she engaged in a conspiracy with a state actor. See id. at 16:10-15 (White). Ms. Bradley has not, however, identified anything specific that she cannot discern from the Complaint. Moreover, it appears that Jeffrey Bannister is alleging that Ms. Bradley conspired with Judge Valentine. See Complaint ¶ 15(B), at 5. Because Jeffrey Bannister is proceeding pro se, the Court does not believe that ordering Jeffrey Bannister to file a more definite statement of his claims would be helpful to Ms. Bradley or to the Court.

**IT IS ORDERED** that Defendant Patricia Bradley's Motion to Dismiss or Alternatively for a More Definite Statement is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jeffrey Bannister
Las Cruces, New Mexico

    *Plaintiff pro se*

Leonard J. Piazza
Mesilla, New Mexico

    *Attorney for Defendant Coronado Finance, Inc.*

Lawrence R. White
Miller Stratvert, P.A.
Las Cruces, New Mexico

    *Attorneys for Defendant Patricia Bradley*