IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFRY BANNISTER,

    Plaintiff,

vs.                                                                                         No. CIV 07-620 JB/CEG

CORONADO FINANCE, INC.,
MONIKA BANNISTER, and
PATRICIA BRADLEY, all
individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Patricia Bradley's Second Motion to Dismiss, filed June 2, 2008 (Doc. 28).  The primary issue is whether the Court should dismiss Plaintiff Jeffry Bannister's Complaint against attorney Patricia Bradley by applying the same analysis the Court applied to her client, Defendant Coronado Finance, Inc., in its Memorandum Opinion and Order, entered March 28, 2008 (Doc. 27)(" March 28 MOO").  Because Bradley was not a state actor, the Court will dismiss Bannister's claims against Bradley.

**BACKGROUND**

The Court held a hearing on the issue whether Coronado Finance was a state actor on December 18, 2007.  At the hearing, Bradley's counsel indicated that he may file a motion raising the same state-action issue that Coronado Finance raised in its motion to dismiss, see March 28 MOO at 11-12; Transcript of Hearing at 4:21-22 (taken December 18, 2007)("Tr.")(White),  and he has now done so.  At the December 18, 2007 hearing, "[t]he Court explained that, if counsel filed a motion raising the state-action issue, it would be inclined to dismiss Bannister's federal claims

[against Bradley as well], because none of the people whom Bannister has sued are governmental entities." March 28 MOO at 11-12. "The Court further stated that, if it dismissed all of Bannister's federal claims, then it would be inclined to not exercise supplemental jurisdiction over the state-law claims in the case and would dismiss Jeffrey Bannister's state law claims without prejudice." Id. at 12. As the Court pointed out, "[n]ever at the hearing did Bannister request leave to amend his Complaint," March 28 MOO at 12, and Bannister has not responded to Bradley's second motion to dismiss to suggest that more facts exist that could make Bradley a state actor.

In the March 28 MOO, the Court dismissed Bannister's federal claims against Coronado Finance, because Bannister did not demonstrate that Coronado Finance's conduct constituted state action. See id. at 1, 30. The Court noted:

> Bannister has not shown, and it is unlikely that he can show that (i) he has been deprived of a right protected by the Constitution or laws of the United States; and (ii) that the putative state actor deprived him of is constitutional rights while acting under color of any statute.

Id. at 30 (citation omitted). In addition, in regard to Bannister's state-law claim for intentional infliction of emotional distress against the Defendants, the Court held that he had

> not "'nudge[d] his claim . . . across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1974)(alterations omitted). Jeffrey Bannister has not given the Court any indication that amendment would not be futile. The Court will, as Coronado Finance requests, dismiss Jeffrey Bannister's claim for intentional infliction of emotional distress without prejudice.

Id. at 31.

## ANALYSIS

As discussed in the Court's previous Memorandum Opinions and Orders, Bannister sued Bradley because she successfully represented Coronado Finance as its attorney in a state-law suit against Bannister's sister – the other Defendant in this case, who has never been served, see

Returned Summons, filed July 16, 2007 (Doc. 9) – to recover on a promissory note in a case over which the Honorable Jerald A. Valentine, District Court Judge, Third Judicial District of New Mexico, presided.  See Memorandum Opinion and Order at 2-3, entered January 17, 2008 (Doc. 26).  Bradley then obtained a Transcript of Judgment that contained both Judge Valentine's name and Bradley's name, address, telephone number, and law firm as the attorney for Coronado Finance, the judgment creditor, and successfully obtained the foreclosure and a sale of property owned by the Bannister Estate, and to which Jeffrey Bannister claimed an interest.  See id. at 3-4.  These are the only facts on which Bannister relies to bring his federal suit against both Bradley and Coronado Finance.

Given that Bannister relies on the same facts to support his claims against Bradley and Coronado Finance, the Court believes that the analysis set forth in its March 28 MOO applies as much to Bradley as it does to Coronado Finance.  Bradley did not, by acting as Coronado Finance's attorney, exercise a power "traditionally reserved to the state."  Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974).  Bannister has not shown that Bradley had a sufficiently close nexus to the State such that her conduct "may be fairly treated as that of the state itself."  March 28 MOO at 28 (quoting Jackson v. Metro. Edison Co., 419 U.S. at 351).  Bannister has also failed to show that Bradley acted in concert with the State in effecting a constitutional violation by pursuing her client's claims.  Bradley, on behalf of her client, appears to have pursued a "presumptively valid judicial process in pursuit of legitimate private ends," and Bannister has not shown any facts to indicate otherwise.  March 28 MOO at 29.  Finally, Bannister has not demonstrated a symbiotic relationship between Bradley and the State.  Thus, Bannister has not demonstrated that Bradley became a state actor by representing Coronado Finance.

Because Bannister has not demonstrated that Bradley's conduct constitutes state action, the

Court will dismiss his federal claims against her for alleged violations of his constitutional rights using the same relevant law and analysis, and for the same reasons, the Court dismissed the federal claims against Coronado Finance in the March 28, 2008 MOO at pages 13-18 and 26-30.  The Court will also dismiss his state-law claim for intentional infliction of emotional distress against Bradley without prejudice, with the same relevant law and analysis, and for the same reasons stated in the March 28, 2008 MOO at pages 30-31.  Because all other claims, including the state-law claim, against all other Defendants who have been served have now been dismissed, the Court will enter a final judgment in this case.

**IT IS ORDERED** that Defendant Patricia Bradley's Second Motion to Dismiss is granted for the reasons stated above and Bannister's federal claims are dismissed with prejudice, and his state-law claim for intentional infliction of emotional distress is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jeffry Bannister
Las Cruces, New Mexico

    *Plaintiff pro se*

Leonard J. Piazza
Law Office of Leonard J. Piazza, P.A.
Mesilla, New Mexico

    *Attorney for Defendant Coronado Finance, Inc.*

Lawrence R. White
Miller Stratvert, P.A.
Las Cruces, New Mexico

    *Attorneys for Defendant Patricia Bradley*